FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 1 1 2024

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORI TULLOS, Pro se
VIRGINIA S. MCFADDIN, Pro se

    Plaintiffs

v.

BRAD RAFFENSPERGER in his
official capacity, acting as the Georgia
Secretary of State

    Defendant

No. **1 : 24 -CV- 4 6 2 5**

---

## VERIFIED COMPLAINT FOR EMERGENCY PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

Comes now, Plaintiffs Lori Tullos and Virginia S. McFaddin, in the above

styled action, and files this Verified Complaint for an EMERGENCY MOTION

FOR TEMPORARY RESTRAINING ORDER and/or FOR TEMPORARY

INJUNCTION TO BE MADE PERMANENT AND MOTION FOR

DECLARATORY JUDGMENT against the Defendant and in support thereof,

states as follows:

### INTRODUCTION

1.  This is an Action brought under 52 USC 10307 and 42 USC 1983,

respectfully seeking an EMERGENCY Injunction and Declaratory Judgment to

protect the Plaintiffs from being individually disadvantaged in maintaining the

effectiveness of their vote, and against the abridgment and deprivation, and

dillution, of their fundamental, secured rights to association and to vote under the

First and Fourteenth Amendments of the United States ("US") Constitution and

Articles I, II, and III of the Georgia ("GA") Constitution. This Action challenges the

Defendant's arbitrary disqualification and/or removal of the candidate Joseph R.

Biden Jr. (Democrat) ("Biden"), from Georgia's ("GA") November 5th, 2024 General

Election ("GE") ballot. "*State regulation of... elections makes the election process*

*state action within the meaning of the Fourteenth Amendment." Gray v. Sanders,*

*372 U.S. 368 (1963).* The Federal question being, does the Defendant have the

ability to disregard GA's ballot access laws for Federal elections and candidates.

2.    This Complaint is filed in conjunction with Plaintiffs' Motion for Emergency

Interlocutory Injunction and/or Restraining Order and respectfully requests this

Court grant and make permanent the Order requiring the Defendant to have

Biden appear on GA's GE ballot as a Democrat candidate.

3.    Plaintiffs allege Defendant is attempting to render GA's Presidential Primary

Election, held on March 12th, 2024, in which Biden won the nomination as the

Democratic candidate, as nothing more than advisory or ceremonial. GA's primary

elections are not advisory, and pursuant to GA law, they are binding upon the

delegates, the candidates, and the Defendant as the state election official. (See

O.C.G.A. 21-2-501(a)(1) and (f) -

*(a)(1) -Except as otherwise provided in this Code section, no candidate shall be nominated for public office in any primary or special primary or elected to public office in any election or special election or shall take or be sworn into such elected public office unless such candidate shall have received a majority of the votes cast to fill such nomination or public office. And (f) - Except for presidential electors, to be elected to public office in a general election, a candidate must receive a majority of the votes cast in an election to fill such public office. To be elected to the office of presidential electors, no slate of candidates shall be required to receive a majority of the votes cast, but that slate of candidates shall be elected to such office which receives the highest number of votes cast.)*

4.     Plaintiffs have provided this Court with evidence (Exhibit A) that proves that Biden did *not* file a notarized affidavit of withdrawal with the GA Secretary of State's ("SoS") office as is required pursuant to GA law, (see O.C.G.A. 21-2-134(a)(1)) and the "Charter and Bylaws of the Democratic Party of Georgia" (see DPG Rule BL1.09.08).

5.     Plaintiffs allege that the Defendant is acting outside of his authority, under color of office, in violation of GA ballot access laws (See O.C.G.A. 21-2-501(a)(1) and (f)). O.C.G.A. 21-2-134(a)(1), which requires that he receive a '*notarized affidavit of withdrawal*" from *the candidate* that is nominated in GA's Presidential Primary prior to removing said candidate from GA's GE ballot. Plaintiffs assert that the Defendant does not have autonomous authority, once candidates have qualified and the primary has been conducted, to pick and choose which presidential candidates appear on GA's GE ballots. On the contrary, the Defendant is bound to compliance with state statutes once a primary election has been held.

6.    Plaintiffs maintain the Presidential Primary in GA binds, or pledges, the party delegates to the winner of that election based on the will of the People (see O.C.G.A. 21-2-132(a) - *"The names of nominees of political parties nominated in a primary....shall be placed on the election ballot..."*and  O.C.G.A. 21-2-196) until and unless the winning candidate releases them. Biden did not file a notarized affidavit of withdrawal with the SoS and therefore Defendant does not have the authority to remove him as a candidate.    Biden was elected in GA's Democratic Presidential Primary on March 12, 2024 by an overwhelming 95.1% majority of GA voters, and Biden was qualified to be on the primary ballot in the spring of 2024.  Therefore, pursuant to law, Biden should remain on the general election ballot. (link to the GA SoS office primary election results:

https://results.enr.clarityelections.com/GA/120015/web.317647/#/summary )

7.    Plaintiffs allege that if the Defendant is allowed to remove Biden's name from GA's GE ballot, he would be acting outside the authority granted to him by the Legislature, arbitrarily, under color of office or authority. The results of these actions would cause irreparable injury to the Plaintiffs by depriving their right to association with the Democrat candidate duly elected in GA's primary, and of the ability to vote for that candidate, which is in violation of their rights protected under the First and Fourteenth Amendments.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over Plaintiffs' Complaint under 28 U.S.C. §§ 1331

and 1343. This Court has supplemental jurisdiction over Plaintiffs' subsequent

claims, which are based on State law, under 28 USC § 1367. The Court is also

empowered to issue declaratory and injunctive relief, should it find such relief

warranted, pursuant to 28 USC § 2201 and 28 USC § 2202. See also *Corey v.*

*Jones, 484 F. Supp. 616, 618 (S.D.Ga.1980),* (finding that declaratory judgments

are particularly well suited to resolving constitutional questions), *aff'd in part,*

*rev'd in part on other grounds, 650 F.2d 803, 807 (5th Cir. Unit B July 1981).* The

jurisdiction of the District Court over this action is founded on the Act of Congress

of June 25, 1948, c. 646, Section 1, 62 Stat. 932, 28 U.S.C.A. § 1343, which

provides in part as follows:

   *"Civil rights. The district courts shall have original jurisdiction of any civil action*
*authorized by law to be commenced by any person:*

   *"(3) To redress the deprivation, under color of any State law, statute, ordinance,*
*regulation, custom or usage, of any right, privilege or immunity secured by the*

   *Constitution of the United States or by any Act of Congress providing for equal rights*
*of citizens or of all persons within the jurisdiction of the United States."*

9.    Venue in the United States District Court for the Northern District of Georgia

is proper pursuant to 28 USC § 1391.

## PARTIES

10.    Plaintiff Lori Tullos, is an individual who is a registered voter, taxpayer and resident of Morgan County, residing at 2011 Cedar Grove Road, Buckhead, GA 30625.

11.    Plaintiff Virginia S, McFaddin, is an individual who is a registered voter, taxpayer and resident of Morgan County, residing at 110 Tuell Court, Madison, GA 30650.

12.    Defendant, Brad Raffensperger, acting in his official capacity, as the Secretary of State for the State of Georgia. He is sued in his official capacity.

## ARGUMENT and STATEMENT OF FACTS

13.    Pursuant to GA law and the rules of the Democrat Party, if the presidential candidate that won the primary election chooses to formally withdraw his nomination for the State of GA General Election, he must file a *'notarized affidavit of withdrawal'* with the GA SoS, This requirement was never met. O.C.G.A. 21-2-134(a)(1) reads,

*"A candidate nominated at any primary election or nominated by means other than a primary may withdraw as a candidate at the ensuing general election by filing a notarized affidavit of withdrawal with the Secretary of State"* and

pursuant to the Democrat Party rule which reads,

DPG Rule BL1.09.08 - *The purpose of this Section 9 is to **ensure the State Party's compliance with O.C.G.A. 21-2-134** or any successor statute **addressing the withdrawal**, death, or disqualification of candidates for office. To the extent there are any questions about the interpretation of this Section 9, the Section shall be construed consistent with the state statute and any accompanying regulations or interpretive case*

law. *See also DPG Rules BL1.09.03, BL1.09.04, BL1.09.07.* (emphasis added) and, as ruled by the GA Supreme Court, see,

*Camp v. Williams, et. al., S23A0073, Sept. 30, 2022,* "...*for a government entity whose authority on the relevant point is purely a creature of statute, the absence of statutory authority is the absence of legal authority to act.*" (opinion of Judge Bethel).

Plaintiffs assert, based on these facts, Defendant has no authority to remove Biden as a Democrat candidate on GA's GE ballot since at no time since the Presidential Primary did Biden lawfully withdraw as a candidate. Plaintiffs allege that this action would, in fact, be equivalent to the Defendant being given the authority to illegally disqualify a duly elected presidential candidate when the Defendant only has authority to disqualify state level candidates (see *Trump v. Anderson, 601 U.S. ___ (2024)*). Therefore, Plaintiffs assert that Biden's name must appear on GA's GE ballot as a Democrat candidate or Defendant will be in violation of O.C.G.A. 21-2-132, 21-2-134, 21-2-501 and GA Constitution Article II, Section I, Paragraph I, as well as disadvantaging Plaintiffs from maintaining the effectiveness of their vote, and of depriving their rights protected under the First and Fourteenth Amendment and in violation of 42 USC 1983, 52 USC 10307 and 10308.

14.     Plaintiffs assert that the Defendant does not have the authority to arbitrarily remove the duly elected Democrat candidate for President and that the mandated prerequisites necessary to legally 'withdraw' Biden as the presidential candidate were not met. Thus, the action by the Defendant, under color of authority or office, of removing Biden from the GA GE ballot would result in

deprivation of which is violative of the First and Fourteenth Amendments, 42 USC

1983, 52 USC 10307, 52 USC 10308, GA Constitution Article I, Section I,

Paragraphs I and II, and Article II, Section I, Paragraph I. See,

*Elrod v. Burns, 427 U.S. 327, 373 (1976),"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."* and

*Martin v. Kemp, 341 F. Supp. 3D 1326, 1340 (N.D. Ga. 2018), "The court finds that plaintiffs have established irreparable injury as a violation of the right to vote cannot be undone through monetary relief and, once the election results are tallied, the rejected electors will have been disenfranchised without a future opportunity to cast their votes."*

15.      Plaintiffs allege the Defendant is acting in violation of Federal and State

laws and Constitutions (see 52 USC 10307 and 10308, and O.C.G.A. 21-2-132, 134,

501) and that they are being deprived of their individualized rights which the

Constitution guarantees to them as an individual, the right to vote, and have their

vote count, for the candidates of their choice. This is more than a generalized

grievance about Defendant's conduct of government, this is an assertion that

Plaintiffs are being denied the full scope of their individualized right to vote, and

to association, in violation of their rights protected under the First and Fourteenth

Amendment of the US Constitution and Article I, Section I, Paragraphs I, II, and

III of GA's Constitution. See

*Baker v. Carr, 369 U.S. 186, 206, 208, 82 S. Ct. 691, 704, 705, 7 L. Ed. 2d 663 (1962), "[V]oters who allege facts showing disadvantage to themselves have standing to sue.... [because t]hey are asserting `a plain, direct and adequate interest in maintaining the effectiveness of their votes', not merely a claim of `the right, possessed by every citizen, to require that the government be administered according to law....'"* (citations omitted).

16.     Plaintiffs allege that if the Defendant is allowed to illegally remove Biden

from the GA GE ballot, he would disenfranchise, and nullify the voice of those that

participated in the selection of the Democrat candidate via GA's Presidential

Primary election. Plaintiff asserts they would be individually disadvantaged in the

ability to ensure the effectiveness of their vote, and that this unauthorized action

by the Defendant causes the deprivation and abridgment of their First and

Fourteenth Amendment rights protected under the Constitution. It is the duty of

the courts to safeguard and defend against the disenfranchisement and

deprivation of rights protected by the Constitution(s). The US Supreme Court and

5th Circuit held,

   *"No right is more precious in a free country than that of having a voice in the election*
   *of those who make the laws under which, as good citizens, we must live. Other rights, even*
   *the most basic, are illusory if the right to vote is undermined.", Reynolds v. Sims, 377 U.S.*
   *at 555, 562, 84 S.Ct at 1378 1381 (quoting Wesberry v. Sanders, 376 U.S. 1, 17, 84 S.Ct*
   *526, 535, 11 L.Ed 2d 481 (1964), Duncan v. Poythress, No. 81-7363 U.S. Ct of Appeals, 5th*
   *Circuit, Unit B 657 F.2d 691 (1981),* and

   *"Nothing could possibly be more important than the sanctity of the ballot. It*
   *transcends in gravity far beyond any question as to who in any given case might be*
   *entitled to a particular office." Alexander v. Ryan, supra at 583(3), 43 S.E.2d 654,* and

   *"Qualified citizens not only have a constitutionally protected right to vote, but also the*
   *right to have their votes counted, a right which can neither be denied outright, nor*
   *destroyed by alteration of ballots, nor diluted by ballot box stuffing." Duncan v. Poythress,*
   *657 F.2d 691 (5th Cir. 1981).*

17.     Plaintiffs assert that the Defendant has no colorable argument, in fact or in

law, that be could put forth as a '*precise interest*' that justifies his unauthorized

disqualification of Biden, or the infringement of the Plaintiffs' right to vote for the

presidential candidate duly elected in the GA presidential primary. This Court

ruled that any allegations of infringement of voting rights '*must be carefully and*

*meticulously scrutinized'* due to a state having '*precious little leeway in making it*

*difficult for citizens to vote'.* See,

> *Duncan v. Poythress, 515 F. Supp. 327 (N.D. Ga.), aff'd, 657 F.2d 691 (5th Cir. 1981),*
> *"The right to vote is clearly fundamental, and is protected by both the due process and*
> *equal protection guarantees of U.S. Const., amend. 14. In either case, any alleged*
> *infringement of the right to vote must be carefully and meticulously scrutinized, for a state*
> *has precious little leeway in making it difficult for citizens to vote."* and

the US Supreme Court ruled a state must weigh its '*precise interests*' against the

injury alleged by plaintiffs, see,

> *Anderson v. Celebreezze, 460 U.S. 780, 789 (1983), "the precise interests put forward by*
> *the State as justifications for the burden imposed by its rule.".*

18.    Plaintiffs assert that primary elections in GA are not merely advisory, nor

ceremonial, but an integral part of the election. O.C.G.A. 21-2-132(a) states: "*The*

*names of nominees of political parties nominated in a primary… shall be placed on*

*the election ballot…*" The primary elections reflect the will of GA voters and are

binding upon delegates, the candidates, and state election officials (see O.C.G.A.

21-2-195, 21-2-196, 21-2-197, 21-2-501). Middle District GA agrees with Plaintiffs

and held,

> *King v. Chapman, 62 F. Supp. 639, 1945 U.S. Dist. LEXIS 1841 (MD. Ga. 1945), aff'd,*
> *154 F.2d 460, 1946 U.S. App. LEXIS 2069 (5th Cir. 1946)* (decided under former Code
> 1933, Title 34), *"Whenever a political party holds a primary in this state, it is by law an*
> *integral part of the election machinery. Once a decision to hold a primary is made, state*
> *statutes take hold and direct every essential step from registration and qualification of*
> *voters to the placing of the names of the nominees on the general election ballot."*

Therefore, Plaintiffs allege that Defendant, in his illegal disqualification of Biden

from the GA GE ballot, disadvantages their ability to maintain the effectiveness of

their vote, deprives their rights to association and to vote for the duly elected

candidate nominated in GA's Presidential Primary, and infects the election as a

whole with the taint of illegality. The GA Supreme Court agrees and held,

*"But where there is such an utter disregard of the provisions of the statute, as to an
essential element of the election, by the election officials as to infect the election as a whole
with the taint of illegality, such provisions can not be held directory merely, but must be
held to be mandatory." Moon v. Seymour, 182 Ga. 702 (186 S.E. 744) ("Moon"),* and

*"Where there is no authority to hold the election, or where statutory requirements
pertaining to the holding of an election are not complied with, the election is void and
injunction is a proper remedy." Kemp v. Mitchell County Democratic Executive Comm.,
216 Ga. 276, 116 S.E.2d 321 (1960)("Kemp")*

19.  Plaintiffs assert that any actions taken by the Defendant to remove Biden

from GA's GE ballot on the basis of 'withdrawal', after the lawfully certified GA

Presidential Primary in which Biden was duly elected, is void and invalid.

Pursuant to O.C.G.A. 21-2-134(a)(1), 21-2-501(a) and (f), and the rules of the

Democrat Party DPG Rule BL1.09.08, Defendant, in *'the absence of statutory*

*authority'* is absent *'of legal authority to act'* in the matter of characterizing Biden

as withdrawn, disqualifying, or removing Biden as a presidential candidate from

GA's GE ballot, since at no time has Defendant received the prerequisite

*'notarized affidavit of withdrawal'* from Biden (see Exhibit A). Therefore, Plaintiffs

allege that Defendant, under color of office or authority, is in violation of 42 USC

1983, 52 USC 10307 and 10308, has deprived the Plaintiffs of their rights secured

under the First and Fourteenth Amendments, and has disadvantaged them in maintaining the effectiveness of their vote.

20.    Plaintiffs maintain that based on the fact that Biden did not file a '*notarized affidavit of withdrawal'* with the Defendant, no lawful vacancy was created, and therefore, no substitute nomination processes by the Defendant, or the pledged/bound Democrat Party delegates (see *South v. Peters, 89 F. Supp. 672 (N.D. Ga. 1950), "…will be bound to support the nominee in the final election..",* which was accepted by the Defendant after GA's Presidential Primary are of any effect. O.C.G.A. 21-2-111 requires that rules and regulations of the Democratic Party of GA must be compliant with GA law, and the Democrat Party of GA rules confirm this requirement. See DPG Rule BL7.07.04 which reads,

*Vacancies in Party nominations for Federal, State, or County offices shall be governed by the provisions of Georgia Election Code and as set forth in Article I, Section 9. (See above citation of Article 1, Section 9).*

21.    Plaintiffs assert that it is not the within the purview of the Defendant to solve internal party issues, he is strictly limited to statutorily granted authority. Therefore, Plaintiff alleges that the Defendant unlawfully allowed *"a political party"* to *"invoke the powers of the State to assure monolithic control over its own members and supporters."* The US Supreme Court held,

*"The State's general policy is to have contending forces within the party employ the primary campaign and primary election to finally settle their differences. The general election ballot is reserved for major struggles; it is not a forum for continuing intraparty feuds…" Anderson v. Celebrezze, 460 U.S. 780, 812–13, 103 S. Ct. 1564, 1582, 75 L. Ed. 2D 547 (1983),* and also in *Anderson*

*"But we did not suggest that a political party could invoke the powers of the State to
assure monolithic control over its own members and supporters."*, and

*"Even though the drafting of election laws is no doubt largely the handiwork of the
major parties that are typically dominant in state legislatures, it does not follow that the
particular interests of the major parties can automatically be characterized as legitimate
state interests." Anderson v. Celebrezze, 460 U.S. 780, fn 30.*

22.    Plaintiffs allege that the Defendant is acting outside of the authority granted

to him, in his administration of ballot access during this election cycle. Plaintiffs

maintain that the Defendant, under color of authority or office, has not only

unconstitutionally disenfranchised 276,141 Presidential Primary voters, but has

created chaos by illegally disqualifying the duly elected Democrat Presidential

Primary candidate and not strictly adhering to GA's ballot access laws. Opinion of

the Attorney General of GA reads,

*This section reflects the legitimate interest of the state in insuring orderliness in the
electoral process, and it provides a means of presenting the political preferences of the
people of this state to a political party. Also, the considerable public funds expended in
establishing these preferences are an adequate basis for the reasonable conditions imposed
by that section. 1980 Op. Att'y Gen. No. 80-104.*

The Defendants own schedule, posted on the SoS website, states that the ballot

submission deadline for the November 5th, 2024 General Election, was August 9,

2024. (see www.sos.ga.gov for the 2024 election schedule). The opinion of

the Attorney General of GA reads,

*The Secretary of State may not direct that the name of a party nominee submitted to
the Secretary of State **after the filing deadline** be placed on the general election ballot.
1945-47 Ga. Op. Att'y Gen. 246; 1945-47 Ga. Op. Att'y Gen. 248 (decided under former
Code 1933, § 34-1904).* (emphasis added)

Yet, the Defendant illegally accepted documentation dated August 15th, 2024, stating the Democrat candidate was substituted.

23.    Plaintiffs allege the Defendant, under color of law, office, or authority, is disadvantaging their individualized right ensure the effectiveness of their vote, and placing an unconstitutional burden on their right of association, to equal protection, and to vote, based on the above information encompassing the Defendants failure to perform GA's statutorily required ballot access and withdrawal mandates. This Court held,

> *"From Nixon v. Condon, 286 U.S. 373, 52 S. Ct. 484, 76 L. Ed. 984, 88 A.L.R. 458 (1932), United States v. Classic, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941); Smith v. Allwright, 321 U.S. 649, 64 S. Ct. 757, 88 L. Ed. 987, 151 A. L.R. 1110 (1944) and their progeny it is clear that equal protection applies (1) in the actual voting process by general or primary election and (2) in the legislative functions of a state." Smith v. State Executive Committee of Dem. Party of Ga., 288 F. Supp. 371 (N.D. Ga. 1968), and*

the US Supreme Court held,

> *"But in a presidential election "the impact of the votes cast in each State is affected by the votes cast" – or, in this case, the votes not allowed to be cast – "for the various candidates in other States." Trump v. Anderson, 601 U.S. ___ (2024), quoting Anderson, 460 U.S., at 795 (emphasis added).*

24.    Plaintiffs respectfully submit that a preliminary injunction is proper in this matter. Specifically, Plaintiff respectfully submit that

   1)    Plaintiffs have alleged, through statutory laws O.C.G.A. 21-2-193 and 21-2-501(a) and (f), that Biden should remain on the GA GE ballot.   Plaintiffs

believe that "a substantial likelihood of success on the merits of Plaintiffs' request" has been established by the application of the statute and facts contained herein.

2)     Plaintiffs will suffer "irreparable injury" if the injunction is not granted.  Once the GA GE is completed, the GA GE will not be conducted a second time.  As such, it is imperative that Biden be included on the GA GE ballot, as Biden was the candidate selected by the vast majority of electors in the Democratic Presidential Primary.

3)     The potential injury suffered by the Plaintiffs far outweigh the injury or damage to the Defendant.  Plaintiffs represent the voters.  Defendant will not be harmed by including the Democratic Presidential Primary Nominee on the GA GE Ballot.

4)     The granting of this injunction would not be adverse to public interest. It is in the interest of the public to adhere to the federal, state and party guidelines regarding elections, as set forth herein.    Further, it is in the interest of the public to allow the qualified electors of GA the opportunity to vote for the duly elected winner of GA's Democratic Presidential Primary on the GA GE Ballot, and Biden, the winning Democratic Presidential Primary candidate has not withdrawn from having his own name included on the GA GE Ballot.

WHEREFORE, the Plaintiffs respectfully pray:

1) That this Honorable Court issue Injunction for Defendant to not print or
   approve Georgia General Election ballots without Joseph R. Biden Jr.
   (Democrat) as an available Presidential candidate selection, and

2) That this Honorable Court issue Declaration that Defendant, pursuant to
   the law and Constitution(s) did not have the authority to remove Joseph R.
   Biden (Democrat) from Georgia's General Election ballot; and

3) For such other and further relief as this Honorable Court deems just and
   proper.

Respectfully submitted this 10th day of October, 2024

## Attorneys for Plaintiffs - Lori Tullos and Virginia McFaddin

Lori Tullos, Pro se                          Virginia S. McFaddin
2011 Cedar Grove Rd                          110 Tuell Court
Buckhead GA 30625                            Madison GA 30650
ph:(256) 270-6336  email: f8d2b@yahoo.com

Lori Tullos, Pro Se Plaintiff, signed under   Virginia S. McFaddin, Pro Se Plaintiff,
penalty of perjury,                           signed under penalty of perjury,

_____

_____
Notary Public signature

(Notary Seal)

_____
Commission Expiry Date